**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

---

SINDHAR SUNIL,                          :
          Petitioner              :
                                   :
          v.                      :      No. 2:26-cv-4977
                                   :
WARDEN PHILADELPHIA                      :
FEDERAL DETENTION CENTER, *et al.*,  :
          Respondents             :

---

**O R D E R**

**AND NOW,** this 28th day of July, 2026, upon consideration of the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, ECF No. 1;[1] the Government's Response in Opposition, ECF No. 4;[2] and for the reasons set forth in this Court's Opinions issued in *Restrepo v. Jamison*, No. 2:25-cv-06518, 2026 WL 141803 (E.D. Pa. Jan. 20, 2026) and *Mirdjalilov v. Federal Detention Center Philadelphia, et al.*, No. 2:25-cv-07068, 2026 WL 184249 (E.D. Pa. Jan. 23, 2026), which are incorporated in their entireties herein;[3] **IT IS ORDERED THAT**:

---

[1]    Petitioner Sunil Sindhar, a native of India, *see* Pet. ¶ 30, ECF No. 1, entered the United States without inspection on or around July 6, 2024, at or near the United States-Mexico border, *see id.* ¶¶ 2, 36. Shortly thereafter, DHS served Petitioner with a Notice to Appear, charging him under INA § 212(a)(6)(A)(i). *See id.* ¶ 37. Petitioner was placed in removal proceedings, *id.* ¶ 38, but then released "to reside in the community while his removal case proceeded," *id.* ¶ 2. Petitioner filed an application for asylum, which remains pending. *See id.* ¶¶ 39-40. Petitioner has a "next hearing with Immigration Judge Lipiec on May 6, 2027 with EOIR in Philadelphia." *See id.* Since his entrance into the country, processing, and release by DHS, Petitioner has "consistently complied with DHS supervision, including required ICE ERO check-ins." *Id.* ¶¶ 42-43. On or about July 16, 2026, Petitioner was taken into custody by immigration officials at a scheduled check-in with ICE ERO, Philadelphia Field Office. *See id.* ¶ 44. Petitioner is currently being detained at the Philadelphia Federal Detention center, *id.* ¶ 8, without a bond hearing, *see id.* at ¶¶ 3-5, 45. Petitioner filed the instant habeas petition, through counsel, on July 17, 2026. He alleges that his detention violates: (1) the Immigration and Nationality Act ("INA"), and (2) Fifth Amendment due process. *See id.* ¶¶ 46-57.

[2]    On July 17, 2026, the Government filed a Response, arguing that the Court should deny habeas relief for the reasons set forth in its responses filed in hundreds of these cases in the Eastern District of Pennsylvania. *See* ECF No. 4. Such responses have argued, *inter alia*, that (1) the petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2); (2) the detention does not violate Constitutional due process; (3) neither 8 U.S.C. §§ 1252(a), (b)(9), nor (g) strip the Court of jurisdiction; and (4) exhaustion is not required. *See, e.g.* No. 2:25-cv-06518 at ECF No. 7.

[3]    These opinions addressed similar habeas claims and rejected the Government's arguments. These opinions are only two of dozens of analogous cases decided in this District. In a manner

1.   The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED in part**,[4] as follows:

    A.   Petitioner Sunil Sindhar is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and instead may be detained, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a);

    B.   **Within seven (7) days of the date of this Order**, the Government SHALL provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a); and

    C.   If a bond hearing is not held before an Immigration Judge within seven (7) days, the Government shall immediately RELEASE Petitioner from ICE custody.

2.   The Clerk of Court shall mark this case **CLOSED**.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

consistent with other recent decisions in this District, this Court found that the petitioners' continued detentions without a bond hearing violated the INA and Fifth Amendment due process protections and that such petitioners—*i.e.*, aliens who had been present in the United States for several years leading up to their detention—were not subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2). The Court also found in these opinions that it has jurisdiction over such actions pursuant to 28 U.S.C. § 2241, that neither 8 U.S.C. §§ 1252(a), (b)(9), nor (g) strip the Court of jurisdiction, and that exhaustion is not required.

[4]   Petitioner's continued detention without a bond hearing violates the INA. As he is entitled to habeas relief on this basis, the Court will not reach the merits of his claims based on violations of due process. Because the petition seeks relief primarily in the form of immediate release, it is granted in part, by first ordering a bond hearing, and then ordering his immediate release if a bond hearing is not timely provided. To the extent Petitioner seeks attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), his request is denied for the reasons set forth in the Opinion issued in *Moreno Ramirez v. Jamison, et al.*, No. 2:25-cv-07346 at ECF No. 15 (E.D. Pa. July 13, 2026), which is incorporated herein.